UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TONYA JOHNSON                                    CIVIL ACTION

v.                                               NO. 05-2811

AMERICAN OVERSEAS MARINE CORPORATION,             SECTION "F"
SEAFARERS INTERNATIONAL UNION and
THE UNITED STATES OF AMERICA

ORDER AND REASONS

Before the Court is the United States' motion for reconsideration. For the reasons that follow, the motion is GRANTED.

Background

Tonya Johnson worked as the Chief Steward aboard the USNS Altair. Johnson charges that she was subject to unwanted sexual advances, threats, and intimidation by Louis Nickerson, a male seaman aboard the Altair. She adds that she reported Nickerson's behavior to her supervisors, but no corrective measures were taken. On April 2, 2004, Johnson and Nickerson had a "physical altercation," in which the plaintiff says she was injured. Following that incident, Johnson was discharged.

Johnson filed suit for gender discrimination and retaliation against AMSEA (the government contractor operating the USNS Altair), the United States (the owner of the USNS Altair) and her

1

union, the Seafarers International Union. The United States moved to dismiss the plaintiff's Title VII claims for gender discrimination and retaliation.[1] This Court denied the motion as premature. The Court was not able to determine the plaintiff's employment status because discovery had just begun and little evidence was before the Court.

The United States now moves the Court to reconsider this ruling, arguing that the Court did not consider two additional unopposed arguments set forth in the motion that provided separate and independent reasons for dismissal.

I.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (*en banc*). On September 1, 2006, the Court issued its order denying the United

---

[1] The defendant's motion was styled as a motion to dismiss pursuant to Rules 12(b)(1) and (b)(6), but because the motion referred to extrinsic evidence and contested the plaintiff's ability to state a Title VII claim against the United States, the Court treated it as a motion for summary judgment.

States' motion to dismiss.  The order was entered into the record on September 5.  The United States did not file this motion until September 18.  Rule 6(a) of the Federal Rules of Civil Procedure excludes weekends and holidays from computation when the period of time allowed for filing is less than eleven days.  Therefore, because the present motion for reconsideration was filed within ten days of entry of the Court's Order denying dismissal and questions the correctness of the Court's ruling, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e).  <u>See, e.g.</u>, <u>U.S. v. Deutsch</u>, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); <u>U.S. v. One Dodge Pickup</u>, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  <u>Templet v. Hydrochem, Inc.</u>, 367 F.3d 473, 478-79 (5th Cir. 2004).  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  <u>See</u> <u>id.</u> at 479; <u>Simon v. United States</u>, 891 F.2d 1154, 1159 (5th Cir. 1990).  The grant of such a motion is an "extraordinary remedy."  <u>Indep. Coca-Cola Employees' Union of Lake</u>

3

<u>Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.</u>, No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing <u>Templet v. Hydrochem, Inc.</u>, 367 F.3d 473, 479 (5th Cir. 2004)).

The United States requests the Court to consider its arguments that were presented in its motion to dismiss.  These arguments have not been addressed by the Court and therefore do not represent relitigation of old matters or litigation of new arguments.

Accordingly,

IT IS ORDERED: that the defendant's motion for reconsideration is GRANTED.  The issues will be resolved November 8, 2006 on the papers.  The parties are instructed to resubmit briefs solely on the issues of the plaintiff's compliance with jurisdictional time limits and the appropriateness of the United States as a defendant under Title VII.

New Orleans, Louisiana, October 11, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE