UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TONYA JOHNSON                                CIVIL ACTION

v.                                           NO. 05-2811

AMERICAN OVERSEAS MARINE CORPORATION,        SECTION "F"
SEAFARERS INTERNATIONAL UNION and
THE UNITED STATES OF AMERICA

ORDER AND REASONS

Before the Court is the United States' motion to dismiss for failure to state a claim and lack of subject-matter jurisdiction under Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.  For the reasons that follow, the motion is GRANTED.

Background

The Court refers the parties to the facts of the case stated its Order of September 1, 2006.  In that Order, this Court denied the government's motion to dismiss as premature, stating that the lack of discovery at that time made the determination of whether the plaintiff qualified as a federal employee for purposes of Title VII claims impossible.

The Court now addresses the government's arguments that the plaintiff did not exhaust her administrative remedies as required by law, that she did not timely file her lawsuit, and that she improperly named the United States as a defendant.

1

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).  The complaint must be liberally construed in the plaintiff's favor and all facts pleaded in the complaint must be taken as true.  See Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986).  This Court cannot dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of  facts in support of his claim which would entitle him to relief."  Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The same standard of review applies to motions to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction.  See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, 354 F.3d 348, 351 (5th Cir. 2003).  A court may find a lack of subject-matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  The

party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists. Id. at 161.

II.

The United States contends that the plaintiff's gender discrimination and retaliation claims are only properly brought pursuant to Title VII, and do not arise under general maritime law. The Court agreed with that assertion in its Order of September 1, 2006. The United States makes two arguments for dismissal. First, the United States argues that the plaintiff did not exhaust her administrative remedies before filing her lawsuit and that she did not file the lawsuit timely. Second, the United States argues it is improperly named as a defendant.

For purposes of resolving these arguments, the Court must assume that the plaintiff is a federal employee with the right to bring an action under Title VII. For if the plaintiff is not a federal employee, then she has no Title VII cause of action against the federal government under 42 U.S.C. § 2000e-16(a), the statutory provision making Title VII applicable in the federal workplace, and the questions presented here are moot.

The Court first addresses the issue of the United States as an improperly named defendant.

III.

It is well-settled that under 42 U.S.C. § 2000e-16(a), the

only proper defendant in a federal sector discrimination claim is the head of the allegedly offending agency. Ellis v. United States Postal Service, 784 F.2d 835, 838 (7th Cir. 1986); McGuinness v. United States Postal Service, 744 F.2d 1318, 1322-23 (7th Cir. 1984); Hall v. Small Business Administration, 695 F.2d 175, 180 (5th Cir. 1983); Canino v. EEOC, 707 F.2d 468, 472 (11th Cir. 1983); Newbold v. United States Postal Service, 614 F.2d 46, 46 (5th Cir. 1980)(per curiam). Thus, the United States is not a proper party in a Title VII action. Because the plaintiff has failed to bring her action against the proper party defendant, dismissal is appropriate. Hall, 695 F.2d at 180.

The plaintiff cites no case law and presents no arguments to the contrary. Accordingly, plaintiff's gender discrimination and retaliation claims brought pursuant to Title VII against the United States are DISMISSED.[1]

New Orleans, Louisiana, November 9, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Because the United States prevails on this issue, the Court's analysis of whether the plaintiff exhausted her administrative remedies and timely filed her lawsuit is not necessary.